IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BARBARA WILLIAMSON and DALE WILLIAMSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 08-cv-122-JPG |
| VILLAGE OF SWANSEA, A Municipal Corporation, OSCAR JOFFRAY, an Individual, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

THIS MATTER, comes to be heard upon the Motion to Voluntarily Dismiss Court VI without prejudice and to remand the remaining counts to the state court filed by the Plaintiffs, BARBARA WILLIAMSON and DALE WILLIAMSON (Doc. 7). The Court notes that the motion to dismiss cites Federal Rule of Civil Procedure 41(a)(1), which allows dismissal of an action by a plaintiff without a court order at any time before service by an adverse party of an answer or of a motion for summary judgment, whichever first occurs. Rule 41(a)(1) is inapplicable, though, because it speaks of dismissing an *entire action*, that is, all claims against a defendant. *See* 8 Moore's Federal Practice § 41.21[1]-[2]; *Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 602 (N.D. Ill. 1993). The plaintiffs in this case seek to dismiss only one of several claims against the defendant Village of Swansea. To voluntarily dismiss only some claims against a defendant, the plaintiffs should amend their pleading. 8 Moore's Federal Practice § 41.21[1]-[4].

For this reason, the Court **DENIES** the pending motion to dismiss and remand (Doc. 7). The plaintiffs need not seek leave of court to amend their complaint, *see* Fed. R. Civ. P. 15(a)(1),

and if an amended complaint is filed omitting federal question claims, the Court will consider a remand at that time.

**IT IS SO ORDERED.**
**DATED: March 6, 2008**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**