IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BARBARA WILLIAMSON and<br>DALE WILLIAMSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 08-122-JPG |
| VILLAGE OF SWANSEA, A Municipal<br>Corporation, OSCAR JOFFRAY, an Individual, | ) ) ) | St. Clair County, Illinois<br>Case No. 07-L-61 |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

THIS MATTER comes before the Court on the Motion to Remand to State Court (Doc. 13) filed by the Plaintiffs BARBARA WILLIAMSON and DALE WILLIAMSON. This case was originally filed in state court and alleged a federal question under 42 U.S.C.§ 1983. The defendants removed the case to federal court pursuant to 28 U.S.C. § 1441(a) based on original jurisdiction under 28 U.S.C. § 1331, whereupon the plaintiffs amended the complaint to remove the federal question cause of action.

The Court had at the time of removal, and continues to have, jurisdiction over the remaining claims under 28 U.S.C. § 1367(a), which extends supplemental federal jurisdiction to all claims that are sufficiently related to the claims on which original jurisdiction is based so as to be part of the same case or controversy. However, § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." In deciding whether to decline jurisdiction over state law claims when no original jurisdiction claims remain pending, a district court should consider judicial economy, convenience, fairness and comity. *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350

(1988)).  "[W]hen the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations." *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1043 (7th Cir. 1998) (citing *Wright*, 29 F.3d at 1251).

The Court has considered the relevant factors along with the defendants' concurrence that remand is appropriate in this case and has determined that remand is proper.  Accordingly, the Court **GRANTS** the motion to remand (Doc. 13) and **REMANDS** this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IT IS SO ORDERED.**
**DATED:  March 20, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**